United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-40076
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**JOSE LUIS ZUNIGA-VIDALES,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(7:04-CR-564-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zuniga-Vidales appeals his conviction and sentence for illegal reentry. Zuniga challenges the constitutionality of 8 U.S.C. § 1326(b)(1), (2) (imposition of criminal penalties for illegal reentery by aliens who have been removed for conviction of: three or more misdemeanors involving drugs or crimes against the person; a felony; or an aggravated felony) and the district court's application of the mandatory Sentencing Guidelines. Neither issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is precluded from being raised on appeal by the waiver contained in his plea agreement.

As Zuniga concedes, his constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Zuniga contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See* *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Zuniga raises this issue to preserve it for further review.

Zuniga also contends the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in *United States v. Booker*, 125 S. Ct. 738, 764-65 (2005). Because Zuniga objected in district court, "the only question is whether the government has met its burden to show harmless error beyond a reasonable doubt in the imposition of [Zuniga's] sentence". *See* *United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden. *Id.*

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED*